UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SFR INVESTMENTS POOL 1, LLC,

                                    Plaintiffs,

        v.

NATIONSTAR MORTGAGE, LLC
D\B\A MR. COOPER, *et al.*,

                                    Defendants.

Case No. 3:22-cv-00128-MMD-CLB

ORDER

## I.    SUMMARY

Plaintiff SFR Investments Pool 1, LLC sued Defendant Nationstar Mortgage, LLC,[1] d\b\a Mr. Cooper in state court to stop a foreclosure sale of the property located at 6461 Meadow Hill Drive, Reno, Nevada 89509 (the "Property"). (ECF No. 1-1 ("Complaint") at 2-29.) Nationstar removed to this Court. (ECF No. 1.) As United States District Judge Jennifer A. Dorsey observed in a similar case, "[t]his case is a remnant of Nevada's foreclosure crisis in which real estate investors snapped up homes for pennies on the dollar after the owners defaulted on their homeowner-association (HOA) assessments." *Twinrock Holdings, LLC, Plaintiff v. CitiMortgage, Inc.*, Case No. 2:22-cv-00143-JAD-

---

[1]U.S. Bank National Association, as Trustee for Harborview Mortgage Loan Trust 2005-8, Mortgage Loan Passthrough Certificates, Series 2005-8 ("U.S. Bank"), is also listed as a Defendant on the docket. Nationstar's counsel filed a certificate of interested parties that included U.S. Bank (ECF No. 2), along with a statement regarding removal (ECF No. 5), and a stipulation for extension of time (ECF No. 6). However, U.S. Bank is not listed as having joined the pending motion to dismiss. (ECF No. 12 at 1.) In addition, Nationstar's counsel did not state that she is appearing as counsel for U.S. Bank in her notice of appearance. (ECF No. 13.) U.S. Bank is also not mentioned in the operative complaint. (ECF No. 1-1.) It is accordingly unclear to the Court whether U.S. Bank is still a party to this case.

In addition, though somewhat separately, the Court granted SFR leave to file an amended complaint naming Federal National Mortgage Association ("Fannie Mae") as a defendant. (ECF No. 8.) However, SFR never filed such an amended complaint. Thus, Fannie Mae is not a defendant in this case at this time.

1   VCF, 2023 WL 1071794, at *1 (D. Nev. Jan. 26, 2023). Before the Court are Nationstar's

2   motion to dismiss (ECF No. 12 ("Motion")),[2] and SFR's motion for preliminary injunction

3   (ECF No. 11).[3] Because SFR does not contest dismissal of two of its claims, its other four

4   claims fail, and as further explained below, the Court will grant Nationstar's Motion. The

5   Court will accordingly deny SFR's motion for a preliminary injunction as well because SFR

6   cannot show it is likely to prevail on any of its claims and the other pertinent factors do

7   not favor issuing an injunction either.

8   **II.    BACKGROUND**

9           In 2006, Fred Schwartz and Brien Costello-Schwartz ("Borrowers") obtained a loan

10  in the amount of $329,600.00 (the "Loan") to purchase the Property. To obtain the Loan,

11  Borrowers executed a note (the "Note") and a Deed of Trust ("DOT") securing their

12  repayment. (ECF No. 12-2.)[4] The DOT was eventually assigned to Fannie Mae. (ECF

13  Nos. 12-3, 12-4, 12-5.) Indeed, United States District Judge Gloria Navarro ruled that

14  Fannie Mae owns the Loan in a prior case, and the DOT continues to encumber the

15  Property—a decision that was affirmed on appeal, and despite SFR's claims to the

16  contrary. *See Ditech Fin. LLC v. SFR Invs. Pool 1, LLC*, 380 F. Supp. 3d 1089, 1091,[5]

17  _____

18          [2]SFR filed a response (ECF No. 14), and Nationstar filed a reply (ECF No. 21).
    SFR filed two corrected versions of its response (ECF Nos. 15, 16), so the Court refers
19  to the most-recently filed version in this order, presuming it is the most correct (ECF No.
    16).

20          [3]No response or reply was filed to this motion. However, Nationstar moves to
    dismiss SFR's injunctive relief claim (ECF No. 12 at 22-23), and SFR consents to that
21  claim's dismissal (ECF No. 16 at 1). Moreover, the parties agreed that Nationstar would
    not hold the foreclosure sale until the Court resolved the pending motions. (ECF No. 10
22  (order on stipulation).)

23          [4]Nationstar requests the Court take judicial notice of Exhibits A-O attached to its
    Motion because they were all recorded by the Washoe County Recorder. (ECF No. 12 at
24  5 n.1.) The Court grants Nationstar's request and takes judicial notice of Exhibits A-O to
    its Motion. *See Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 967 n.1 (9th Cir. 2017)
25  (taking judicial notice of "publicly-recorded documents Defendants [including Nationstar]
    attached to their motion to dismiss").
26
27          [5]Judge Navarro states that the pertinent decision addresses 89 properties listed in
    a chart attached as Exhibit A to the plaintiffs' motion for summary judgment. *See Ditech*,
28  380 F. Supp. 3d at 1091. The Property is listed on page seven of that exhibit. *See Ditech
    Fin. LLC v. SFR Invs. Pool 1, LLC*, Case No. 2:15-cv-02381-GMN-NJK, ECF No. 66-1 at

1     1095 (D. Nev. 2019), *aff'd sub nom. Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1,*
2     *LLC*, 810 F. App'x 589 (9th Cir. 2020), *cert. denied SFR Invs. Pool 1, LLC v. Fed. Home*
3     *Loan Mortg. Corp.*, 141 S. Ct. 2567 (2021). Nationstar services the Loan for Fannie Mae.
4     *See Ditech Fin. LLC v. SFR Invs. Pool 1, LLC*, Case No. 2:15-cv-02381-GMN-NJK, ECF
5     No. 66-1 at 7 (D. Nev. Filed Sept. 19, 2018). (*See also* ECF No. 1-1 at 100-04.)[6]

6          Borrowers stopped paying on the Loan in the summer of 2008 (ECF No. 12-8 at 2;
7     ECF No. 1-1 at 3), and their homeowners' association fees either around then or
8     sometime thereafter (ECF No. 1-1 at 3, 5). SFR purchased its interest in the Property
9     from the homeowners' association, who had purchased the Property at a foreclosure sale
10    following Borrowers' nonpayment of their homeowners' association dues. (ECF Nos. 12-
11    6, 12-7.)

12         And because Borrowers also stopped paying on the Loan, Recontrust Company
13    N.A. issued a notice of default and election to sell under the DOT on May 15, 2009, with
14    the document number 3760214. (ECF No. 12-8 at 2.) However, Recontrust rescinded the
15    notice of default with document number 3760214 on December 2, 2012. (ECF No. 12-1
16    ("First Recission").) Paterno C. Jurani issued another notice of breach and default and
17    election to cause a sale of real property under the DOT on September 17, 2014 (ECF No.
18    12-9), but that notice of default was rescinded June 22, 2020 (ECF No. 12-10 ("Second
19    Recission")). The Quality Loan Service Corporation issued yet another notice of breach
20    and default and election to cause sale of property under the DOT on September 23, 2021
21    (ECF No. 12-11) that has not been rescinded (ECF No. 12 at 6 n.4).
22    ///

23    ─────────────────
24    7 (D. Nev. Filed Sept. 19, 2018). The Court also takes judicial notice of the fact that *Ditech*
      addressed the Property because the Court may take judicial notice of undisputed matters
25    of public record, "including documents on file in federal or state courts." *Harris v. Cnty. of
      Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). And SFR does not dispute that *Ditech*
26    addressed the Property. (ECF No. 16 at 10 ("This property was part of a lawsuit filed by
      the Federal Housing and Finance Agency ("FHFA") in which approximately 93 other
27    properties were at issue.").)

28         [6]"[A] court may consider 'material which is properly submitted as part of the
      complaint'" on a motion to dismiss without converting the motion to dismiss into a motion
      for summary judgment.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

1    SFR sent Nationstar a request for statements under NRS § 107.20 in response to

2    the 2021 notice of default. (ECF No. 1-1 at 6.) SFR alleges that Nationstar "never fully

3    responded" to this request (*id.* at 6-7), but does not dispute that Nationstar responded to

4    it (*id.* at 287-90).

5    While Nationstar's initiation of foreclosure proceedings prompted SFR to file this

6    suit (*id.* at 7), Nationstar agreed not to hold the foreclosure sale until after the Court ruled

7    on the pending motions (ECF No. 10). There is accordingly no urgency associated with

8    SFR's motion for preliminary injunction.

9    **III.   DISCUSSION**

10    The Court first addresses the two uncontested claims. "Nationstar argues the

11    wrongful foreclosure claim is not ripe because it has not foreclosed and that injunctive

12    relief is a remedy, not a separate claim." *SFR Invs. Pool 1, LLC v. Nationstar Mortg. LLC*,

13    Case No. 2:22-cv-00388-APG-VCF, 2022 WL 2068232, at *6 (D. Nev. June 8, 2022)

14    ("*Copper Pine*"). (*See also* ECF No. 12 at 22-23.) SFR consents to dismissal of these

15    claims. (ECF No. 16 at 1.) The Court therefore grants Nationstar's Motion as to SFR's

16    wrongful foreclosure claim as unripe because Nationstar has not yet foreclosed, and as

17    to SFR's injunctive relief claim because injunctive relief is a remedy, not a separate cause

18    of action—and because dismissal is uncontested. *See Copper Pine*, 2022 WL 2068232,

19    at *6 (doing the same thing).[7]

20    That leaves four claims in the Complaint. The Court addresses the Motion as to

21    each of these other four claims below, though it addresses the third and fourth claims

22    together, and then explains why it will not grant SFR's motion for a preliminary injunction.

23    ///

24    ///

25

26    _____
      [7]The Court dismisses SFR's wrongful foreclosure claim without prejudice and its
      injunctive relief claim with prejudice, as amendment would be futile. *See Ward v. City of*

27    *Henderson, Nevada*, Case No. 2:20-cv-02331-JAD-NJK, 2021 WL 2043937, at *5, *5
      n.46 (D. Nev. May 21, 2021) (dismissing claim for injunctive relief with prejudice because

28    it is a remedy, not a cause of action, and citing cases to that effect, though noting the
      plaintiff could of course still seek the remedy of injunctive relief if that is appropriate
      despite the dismissal).

4

1

2   **A.   NRS § 107.200**

SFR's claim for violation of NRS § 107.200 is based on two distinct theories: (1)

3   that Nationstar did not provide it with all of the information required by NRS §§ 107.200

4   and 107.210 when Nationstar responded to SFR's request for statements; and (2)

5   Nationstar violated NRS § 107.200, *et seq.* by failing to provide a copy of the Note under

6   NRS § 107.260. (ECF No. 1-1 at 7-9.) The Court accordingly divides its discussion of this

7   claim to map to these two theories.

8   **1.   Insufficient Response Theory**

9   "NRS 107.200 states that the beneficiary of a deed of trust shall provide the amount

10  of unpaid debt secured by the trust, applicable interest rates, and total amount of principal

11  and interest due which has not been paid." *Res. Grp., LLC as Tr. for S. Decatur Tr. v.*

12  *Omni Fam. Ltd. P'ship*, 135 Nev. 706 (Not Reported in Pac. Rptr.), 2019 WL 6974771, at

13  *2 (Nev. App. 2019). NRS § 107.210 requires a beneficiary of a deed of trust, upon

14  request from an authorized person, to send that authorized person within 21 days:

15      1. The identity of the trustee or the trustee's personal representative or
16      assignee, the current holder of the note secured by the deed of trust, the
        beneficiary of record and the servicers of the obligation or debt secured by
        the deed of trust;
17      2. The amount of money necessary to discharge the debt secured by the
        deed of trust on the date the statement is prepared by the beneficiary;
18      3. The information necessary to determine the amount of money required
        to discharge the debt on a per diem basis for a period, not to exceed 30
19      days, after the statement is prepared by the beneficiary; and
        4. If the debt is in default, the amount in default, the principal amount of the
20      obligation or debt secured by the deed of trust, the interest accrued and
        unpaid on the obligation or debt secured by the deed of trust, all fees
21      imposed because of the default and the costs and fees charged to the
        debtor in connection with the exercise of the power of sale.

22

23  *Id.*

24  As to this theory, Nationstar argues that its response was statutorily sufficient.

25  (ECF No. 12 at 17.) SFR counters that it alleged Nationstar's response was incomplete

26  in its Complaint, and that allegation must be taken as true at this stage. (ECF No. 16 at

27  9.) However, even looking only at the Complaint, SFR does not allege how Nationstar's

28  response was incomplete under NRS § 107.200 or 107.210. (ECF No. 1-1 at 8-9.) "A bald

1   assertion that an ambiguous 'something' was missing from defendant's response is not

2   enough to put defendant on notice such that it could effectively defend itself." *SFR Invs.*

3   *Pool 1, LLC v. Nationstar Mortg. LLC*, No. 2:22-cv-574-JCM-EJY, 1, at *4 (D. Nev. Jan.

4   3, 2023) ("*Cantina Creek*") (citation omitted; currently on appeal). SFR's allegations that

5   Nationstar violated NRS § 107.200 and 107.210 by providing an inadequate response

6   are insufficiently detailed to state a claim.

7        Moreover, SFR attached Nationstar's response letter to its Complaint. (ECF No. 1-

8   1 at 287-90.) As noted, the Court accordingly may and will consider the response letter.

9   *See supra* n.6. Nationstar provided the information required by NRS § 107.200 in its

10  payoff statement attached to the response letter. (ECF No. 1-1 at 289.) *See also Res.*

11  *Grp.*, 2019 WL 6974771, at *2 (specifying required information). Nationstar also appears

12  to have provided the information required by NRS § 107.210. *Compare id. with* (ECF No.

13  1-1 at 289). The Court will accordingly grant Nationstar's Motion to the extent it seeks

14  dismissal of SFR's claim for violation of NRS § 107.200 and 107.210 based on the theory

15  that Nationstar did not provide all of the information required by those statutes in its payoff

16  statement attached to its letter.    However, dismissal is without prejudice because SFR

17  could conceivably allege a violation of these provisions if it added factual allegations to

18  an amended complaint explaining precisely how Nationstar's response was incomplete

19  or otherwise deficient. *See Cantina Creek*, 2023 WL 36187, at *4 ("Because this claim,

20  as far as it relies on allegations regarding the NRS 107.200 statement itself, could be

21  cured by additional allegations as to exactly what was missing from defendant's response,

22  the court must dismiss the claim without prejudice.").

23                    **2.    Failure to Send Copy of Note Theory**

24        Nationstar argues that SFR's claim for violation of NRS § 107.200, *et seq.*, based

25  on the theory that Nationstar did not send SFR a copy of the Note upon its request under

26  NRS § 107.260 fails as a matter of law because NRS § 107.260 does not provide a private

27  right of action. (ECF No. 12 at 16-18.) SFR counters that NRS § 107.300 provides the

28

1   private right of action for a violation of NRS § 107.260. (ECF No. 16 at 9.) The Court

2   agrees with Nationstar.

3          NRS § 107.300 provides the remedial scheme for violations of NRS § 107.200, *et*

4   *seq.*, providing a private right of action against a "beneficiary who willfully fails to deliver

5   a statement requested pursuant to NRS 107.200 or 107.210 within 21 days after it is

6   requested[.]" *Id.* Notably, however, NRS § 107.300 does not mention NRS § 107.260.

7   *See id.* Thus, under the principle of statutory interpretation that the inclusion of one thing

8   implies the exclusion of another, NRS § 107.300 does not provide a private right of action

9   for violation of NRS § 107.260. *See Cantina Creek*, 2023 WL 36187, at *3 (finding as

10  such); *SFR Invs. Pool 1, LLC v. Nationstar Mortg. LLC*, Case No. 2:22-cv-00373-APG-

11  NJK, 2022 WL 2068203, at *2 (D. Nev. June 8, 2022) ("*Ashburn Drive*") ("By the plain

12  statutory language, there is no cause of action for failure to provide the note.").

13         Nationstar's Motion is accordingly granted to the extent it seeks dismissal of SFR's

14  claim for violation of NRS § 107.200, *et seq.* based on the theory that Nationstar did not

15  send SFR a copy of the Note in violation NRS § 107.260. Dismissal is with prejudice, as

16  amendment would be futile. NRS § 107.260 does not create a private right of action.

17         **B.    NRS § 106.240**

18         Nationstar argues in pertinent part that SFR's claim based on NRS § 106.240 fails

19  as a matter of law because the First Recission stopped and reset the NRS § 106.240

20  clock, the Second Recission did the same as to the second notice of default, and much

21  less than 10 years have elapsed since the third notice of default issued in 2021. (ECF No.

22  12 at 7-8.) The Court again agrees with Nationstar.

23         The First Recission[8] means that NRS § 106.240 is inapplicable and SFR's claim

24  based on NRS § 106.240 fails as a matter of law. *See SFR Invs. Pool 1, LLC v. U.S. Bank*

25  *N.A.*, 507 P.3d 194, 196 (Nev. 2022) ("*Gotera*") ("because a notice of rescission rescinds

26  a previously recorded notice of default, the notice of rescission 'effectively cancelled the

27  _____

28         [8]And to the extent SFR disputes it, the Second Recission for the same reason, but
    SFR does not appear to make this argument. There is no dispute that ten years have not
    yet elapsed since the third notice of default issued in 2021.

acceleration' triggered by the notice of default, such that NRS 106.240's 10-year period was reset"); *see also Closson v. Bank of New York Mellon, Tr. to JPMorgan Chase Bank, N.A.*, Case No. 21-16545, 2023 WL 385173, at *1 (9th Cir. Jan. 25, 2023) (same; affirming dismissal with prejudice); *Haus v. Bank of New York Mellon, Tr. for Benefit of Certificate Holders of CWALT, Inc., Alternative Loan Tr. 2004-J09, Mortg. Pass Through Certificates, Series 2004-J09*, Case No. 21-15682, 2023 WL 195522, at *1 (9th Cir. Jan. 17, 2023) ("the subsequently recorded notice of rescission decelerates the loan and resets NRS § 106.240's 10-year period, even assuming that period was triggered by the recorded notice of default."); *see also Twinrock*, 2023 WL 1071794, at *3.

SFR's only argument resisting this conclusion is that some event prior to the first notice of default accelerated the Loan (ECF No. 16 at 2-3), but the Court rejects SFR's "argument that some prior unidentified acceleration remained intact after the bank rescinded the notice of default." *Gotera*, 507 P.3d at 197. The Court dismisses this claim (ECF No. 1-1 at 9-10 (Second Claim for Relief)) with prejudice, as amendment would be futile. *See Gotera*, 507 P.3d at 197; *Closson*, 2023 WL 385173, at *1 (affirming dismissal with prejudice of similar claim); *SFR Invs. Pool 1, LLC v. Nationstar Mortg. LLC*, Case No. 2:22-cv-00531-APG-VCF, 2022 WL 4237993, at *2 (D. Nev. Sept. 13, 2022) (affirming dismissal of similar "claim with prejudice because amendment would be futile").

### C.    SFR's Third and Fourth Claims for Declaratory Relief Under NRS § 40.010 and Cancellation of Instruments

The Court addresses SFR's third and fourth claims together because both claims depend on the same allegations: that the Note and the DOT were split at origination and never reunited, Nationstar does not have the 'wet-ink' Note in its possession, and Nationstar lacks authority to foreclose on the Property. (ECF No. 1-1 at 10-12.) Nationstar argues in pertinent part that both of these claims, based on these common allegations, are claim-precluded. (ECF No. 12 at 18-22.) SFR counters that these claims are not claim precluded because *Ditech* did not address Nationstar's authority to foreclose. (ECF No. 16 at 10.) The Court again agrees with Nationstar.

1    As explained *supra* in Section II, there is no dispute here that *Ditech* addressed

2 the Property and concluded Fannie Mae's DOT continued to encumber it despite the

3 homeowners' association sale. And as noted, SFR's only argument to resist the

4 application of claim preclusion here is that the *Ditech* court found that, "SFR was not

5 entitled to discovery into the note and reunification with the deed of trust because that

6 issue was not relevant to whether the HOA foreclosure sale extinguished the deed of trust

7 recorded against each given property." (*Id.* at 10.) Said otherwise, SFR argues that it did

8 not make allegations regarding Nationstar lacking possession of the Note in *Ditech*, so its

9 third and fourth claims in this case are not claim-precluded. But SFR seeks application of

10 the wrong standard. The claim preclusion standard does not inquire into what claims were

11 asserted, but instead the claims that could have been asserted. *See Golden Creek*

12 *Holdings, Inc. v. Nationstar Mortg. LLC*, 489 P.3d 918 (Table), 2021 WL 2910689, at *1

13 (Nev. 2021). Claim preclusion bars SFR's third and fourth claims asserted in the

14 Complaint (ECF No. 1-1 at 10-12). *See Golden Creek*, 2021 WL 2910689 (finding as

15 such); *Ashburn Drive*, 2022 WL 2068203, at *5 (same); *SFR Invs. Pool 1, LLC v.*

16 *Nationstar Mortg. LLC*, Case No. 2:22-cv-00179-APG-DJA, 2022 WL 1747858, at *4-*5

17 (D. Nev. May 27, 2022) (same); *Copper Pine*, 2022 WL 2068232, at *4-*5 (same).[9]

18 Moreover, just because SFR was not permitted discovery on the purported document-

19 splitting, that does not necessarily mean SFR could not have alleged that such document-

20 splitting occurred in *Ditech* and would have made a legal difference. In sum, the only

21 argument SFR presents to resist the reasonable conclusion that its third and fourth claims

22 in the Complaint are claim precluded is unpersuasive.

23    The Court accordingly dismisses SFR's third and fourth claims—which both

24 generally seek to reopen *Ditech*—with prejudice, as amendment would be futile. SFR's

25 third and fourth claims are barred by the doctrine of claim preclusion.

26 ///

27

28    [9]Alternatively, the Court dismisses SFR's fourth claim because SFR has not
plausibly alleged that Nationstar lacks authority to foreclose on the Property. *See Copper Pine*, 2022 WL 2068232, at *5 (resolving similar claim on this basis).

1

### D.    Preliminary Injunction Motion

To obtain a preliminary injunction, SFR must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). However, the Ninth Circuit has adopted a "sliding scale" approach, where the Court may issue an injunction if "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor," assuming the moving party also establishes the other two *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011) (internal quotation marks and citations omitted). Nevertheless, the moving party must show "at an irreducible minimum" that there is "a fair chance of success on the merits, or questions serious enough to require litigation." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) (citations omitted).

The Court denies SFR's motion for preliminary injunction because it has not made even the minimum showing described in *Pimentel.* First, the Court finds that SFR is unlikely to prevail on the merits of its claims because the Court instead—as described *supra*—dismisses all of SFR's claims. And while SFR would no doubt be harmed if Nationstar later, successfully foreclosed on the Property, the balance of equities does not tip in SFR's favor. With this case, SFR primarily seeks to raise either precluded claims or claims that fail as a matter of law. Were SFR to prevail, it would effectively undo many years of litigation in *Ditech*. The public interest favors finality, and certainly does not favor ceaseless litigation. Thus, the *Winter* factors do not suggest that the Court should grant SFR preliminary injunctive relief.

### IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that SFR's motion for a preliminary injunction (ECF No. 11) is denied.

It is further ordered that Nationstar's motion to dismiss (ECF No. 12) is granted as specified herein.

It is further ordered that SFR's Complaint (ECF No. 1-1) is dismissed, in its entirety, as specified herein.

It is further ordered that the parties must file a joint status report as to U.S. Bank within seven days. The parties' joint status report must also propose a series of next steps to bring this case to a final resolution.

DATED THIS 3rd Day of February 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE